# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES SPENCER, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-0904-DGK |
| | ) | (Crim. No. 4:14-CR-0164-03-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER DENYING AMENDED MOTION TO SET ASIDE JUDGMENT

Movant Charles Spencer pled guilty under a plea agreement to aiding and abetting armed bank robbery (Count One) and aiding and abetting the possession of a firearm in furtherance of a crime of violence (Count Two), a violation of 18 U.S.C. § 924(c). The Court sentenced Movant to a total of 102 months' imprisonment.

Movant subsequently filed the pending amended motion to vacate Count Two of the indictment under 28 U.S.C. § 2255 (Doc. 11). A district court may vacate a federal conviction if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Movant contends his sentence is unlawful in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing armed bank robbery no longer qualifies as a predicate crime of violence under § 924(c).

Assuming for the sake of argument that Movant's raising this claim in a § 2255 petition does not violate the provision of his plea agreement waiving his right to collaterally attack his sentence, and that he did not procedurally default this claim by failing to raise it in a direct appeal, Movant's claim lacks merit. In *Allen v. United States*, the Eighth Circuit Court of Appeals reaffirmed in the wake of *Johnson* its long-held stance that bank robbery is a crime of

violence under § 924(c)(3)(A). 836 F.3d 894, 894 (8th Cir. 2016). Movant's claim that armed bank robbery is not a crime of violence under § 924(c)(3)(B) is also unavailing because the Eighth Circuit has also held recently that *Johnson*'s reasoning does not apply to § 924(c)(3)(B)'s "risk-of-force" prong either. *United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016). Because Movant's claim is foreclosed by recent Eighth Circuit caselaw, it is denied.

Where a motion raises no disputed question of fact, an evidentiary hearing is not required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). There are no disputed questions of fact here, so no evidentiary hearing will be held.

Finally, the Court holds no reasonable jurist would grant this motion and so declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

In conclusion, Movant's amended § 2255 motion (Doc. 11) is DENIED without an evidentiary hearing, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  August 28, 2017   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT